■ EYAL BEN-YOSEF et al., Respondents, v YORAM HILLEL et al., Appellants, et al., Defendant. [937 NYS2d 23]—

Plaintiffs are investors in a real estate development relationship with defendants. At some point in their dealings with defendants, plaintiffs became disenchanted with defendants and commenced suit to, inter alia, recover funds allegedly due them from the venture. All defendants except QTY Realty Corp. (hereinafter defendants) moved for summary judgment on the ground that plaintiffs had no standing to maintain the action. Plaintiffs opposed on the ground that they borrowed the capital investment monies from three nonparty sources. Defendants contend that plaintiffs' deposition testimony establishes that there were no loans and that plaintiffs derived no benefit from the return of the investment monies and from the return on the investments, which were issued to the lenders (*see Society of Plastics Indus. v County of Suffolk*, 77 NY2d 761, 772-773 [1991]). Plaintiffs argue that they directed that the returns on the investment be paid to one of the lenders in repayment of the loans, and that they realized a significant benefit from the repayment of that debt. Defendants' assertion that plaintiffs acted as "agents in fact" for the funding sources, i.e., the "true" investors, is without support in the record. Nevertheless, issues of fact exist whether plaintiffs were the true investors and whether they derived any benefit from the investment monies that were returned to the lenders.

We have considered defendants' remaining contentions and find them unavailing. Concur—Tom, J.P., Catterson, DeGrasse, Richter and Manzanet-Daniels, JJ. **[Prior Case History: 2011 NY Slip Op 30218(U).]**